**FILED**

AUG - 1 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ANTONIO M. LEACH

       Petitioner,

1410 RIDGE PL SE

WASHINGTON, D.C. 20020
202.345.5808

       VS.

U.S. PAROLE COMMISSION
5550 Friendship Boulevard
Chevy Chase, Md, 20815

ELEANOR HOLMES-NORTON
Congress Building
1st & Independ, Ave., N.E.
Washington, D.C., 20092

COURT SERVICES AND OFFENDER
SUPERVISOR AGENCY for D.C.
3850 South Capitol St., S.E.
Washington, D.C., 20032

       Respondents.

Case: 1:07-cv-01399
Assigned To : Sullivan, Emmet G.
Assign. Date : 8/1/2007
Description: Habeas Corpus/2255

## A WRIT OF HABEAS CORPUS

      Petitioner, in the above Caption Case number, respectfully moves this Honorable Court to vacate. his state sentence, from being under the jurisdiction of the U.S. Parole Commission and the "CSOSA BRANCH", because he based his claims in violation of the "SEPARATION OF POWER" doctrine and the Criminal Rule No. 32.1 has been <u>infringed</u> upon by Congress-Woman Eleanor Holmes-Norton.

1

## I.   BACKGROUND

The petitioner, is a D.C. Code Offender convicted in the Superior Court for the District of Columbia on a Criminal Offense and his sentencing judge had "DELEGATED" the second portion of his Parole Term to the U.S. Parole Commission unlawfully and Congress Woman Eleanor Holmes-Norton had signed into law, legislation extending the Commission until October 31st, 2008.  See U.S. Parole Comm'n Extension and Sentencing Commission Authority Act of 2005, Pub. L. No. 109-76, Section 2.  <u>The President of the United States of America</u>, <u>had also added Congress in signing a legislature "BILL" to deprived D.C. Code Offenders of their Constitution Rights</u>.

This enacted Legislative Bill above had infringed upon one of the Supreme Court Justice judges set-precedent, because those judges had declared that the U.S. Parole Commission was "ABOLISHED" in the year of 1992 and <u>Congress nor the President had a legal right to "OVER-TURNED A SET PRECEDENT" handed down by the Supreme Court.</u> <u>This above act was an "ENCROACHMENT" on a judicial branch</u>, <u>by an executive branch</u>, <u>in violation of the Separation of Power</u>.  See <u>Mistretta</u> v. <u>U.S.</u>, 488 U.S. 361;  and a District Court judge had also declared that Parole was abolished in the first instance doing the year of 1988.  See <u>U.S.</u> v. <u>Estrada</u>, 680 F. Supp. 1312, at 1338 (D. Minn).  <u>The petitioner only require to show that the Parole Commission has power to revoke his sentence</u> and <u>release him from prison</u>, <u>before winning a Separation of Power claim</u>.

## JURISDICTION

Jurisdiction is conferred upon this Honorable Court pursuant to Title 28 U.S.C. § 2241 and 2243. Jurisdiction is also conferred upon this Court pursuant to Title 28 U.S.C. § 453, authorizing the presiding judge to uphold this case in "GOOD FAITH" and release Mr. LEACH as justice requires. A district court has discretion to consider new theories raised for the first time in a post-trial brief. <u>Abbott</u> v. <u>Equity Group, Inc.</u>, 2 F. 3d 613, 629 n. 59 (5th Cir. 1993) (citing <u>United States ex rel. Am Bank</u> v. <u>C.I.T. Constr. Inc. of Tex.</u>, 944 F. 2d 253, 259 n. 8 (5th Cir. 1991, cert. denied, 127 L. Ed. 2d 565, 510 U.S. 1177, 114 S. Ct. 1219. Furthermore, "A Judge should be faithful to the law and maintain professional competence in it. He should be "UNSWAYED" by partisan interests, public clamor, or fear of criticism." Code of Judicial Conduct, A.B.A. Standard Canon Code No.3 (1).

## INTRODUCTION

A prisoner sentence have a beginning and an ending date, so therefore, no Governmental officials have judicial or legislative power to change this style of law at all, because it will violate the petitioner's 8th Amendment Rights. The Constitution prohibits both Congress and the various state from enacting ex post facto laws. See <u>Warren</u> v. <u>U.S. Parole Commission</u>, 659 F. 3d 183, 186. See also, <u>Garner</u> v. <u>Jones</u>, 529 U.S. 244, 250 (2000). See also, <u>U.S</u>. v. <u>Thorne</u>, 153 F. 3d 130 (4th Cir. 1998).

## PERTINENT STATUTES, RULE AND AMENDMENTS

Criminal Procedure Rule No. 32.1 (a)(1). and (2).

(a)  Initial Appearance.

(1)  Person In Custody.  A person in custody for violating probation or supervised release must be taken without unnecessary delay before a <u>magistrate</u> <u>Judge</u>.

(A)  If the person is held in custody in the district where an alleged violation occured, the initial appearance must be in that district.

(2)  Revocation Hearing, Unless waived by the person, the court must hold the revocation hearing within a reasonable time in the district having jurisdiction. <u>See also, 353 F. 3d at 102, n.8</u>

D.C. Code § 24-221.03.    Jail Time:  Parole which states:

(a)    Every person shall be given credit on the maximum and the minimum term of imprisonment for time spent in custody or on parole as a result of the offense for which the sentence was imposed. When entering the final order in any case, <u>the court shall provide that the person be given credit for the time spent in custody</u> or <u>on parole</u> as a result of the offense for which sentence was imposed. (Apr. 11, 1987, D.C. Law 6-218, § 5, 34 DCR 484). See <u>Luck</u> v. <u>District of Columbia</u>, 617 A. 2d 509 (D.D.C. 1992)(Luck I).

FIFTH AMENDMENT RIGHT.

The Double Jeopardy Clause states:  "[N]or shall any person for the same offense be twice put in jeopardy of life or limb. See <u>U.S.</u> v. <u>Ragins</u>, 840 F. 2d. 1184, 1188 (4th Cir. 1995).

## ARGUMENT

A.    Whether federal judges should allow Congress to further violate the Separation of Power, by delegating judicial and legislative authority to the U.S. Parole Commission and violate D.C. Code Offenders 8th Amendment Rights ?

When a parole detainer has been 'executed' by the U.S. Marshal Office and with the assistance of local police officials, a prisoner will be carry straight to the U.S. Marshal Office for fringerprint, photo and transport to D.C. Jail.  The U.S. Parole Commission will 'schedule' a parole revocation hearing, <u>as if he was an official judge</u>.  The panel will give the parolee a chance to 'plea guilty to all alleged violation charges and offer the parolee several months in jail to do.  The parolee will <u>lose</u> his 'Street Time Credit' and additional months or years will be added to his maximum Release Term date., in violation of the "EX POST FACTO CLAUSE."  Title 28 U.S.C. § 2.98 (a)(2), 28 U.S.C. § 2.20, D.C. Code § 24-131 (a) constituted <u>delegated power</u> to the U.S. Parole Commission to "REVOKE" a parolee sentence and return him to custody.  Furthermore, D.C. Code § 24-206 (a) and D.C. Code § 24-406 does delegate power to the U.S. Parole Commission to forfeit street time credit, in violation of the Separation of Power and <u>conflict with the D.C. Code § 24-221.03, when the court shall provide that the person be given credit for the time spent in custody or on parole as a result of the offense for which sentence was imposed</u>.  <u>See Luck v. District of Columbia</u>, 617 A. 2d 509 (D.D.C. 1992)(Luck I).

Moreover, this interpretation of the D.C. Code statutes on street time credit raises the question of whether petitioner's due process rights have been violated based on the principle that an unforeseeable interpretation of a D.C. Code statute that increase punishment, if applied retroactively or not, violates due process. Bouie v. City of Columbia, 378 U.S. 347, 353-54 (1964). The Fourth Circuit judges was [s]quarely faced with the same above issues of whether a prisoner Supervised Release Term can expand beyond his maximum release date, the answer was no. See U.S. v. Thorne, 153 F. 3d 130 (4th Cir. 1998). See also U.S. v. Milton J. Taylor, 97-0035-01, decided by judge Gladys Kessler on Feb. 4th, 2005. Furthermore, the double jeopardy clause prohibit parole officials from forcing a parolee to serve a second term of post-release supervision and this Court should declare the D.C. Code § 24-406, § 24-131 (a), § 24-133 9c)(2), § 403.01(b)(6), 28 C.F.R. § 2.218(c) and 18 U.S.C. § 3583(e)(3) as being unconstitutional applied to D.C. Code Offenders. See North Carolina v. Pearce, 23 L. Ed. 2d 656.

It is well settled under federal law, that state judges had delegated power to parole officials to make the final judgment on a parolee or Supervised Release Offenders and set the full terms of 'drug testings by the parole officer, See U.S. v. Johnson, 48 F. 3d. 806, 807-08 (4th Cir, 1995); see also U.S. v. Pruden, 398 F. 3d 241, 251 (3rd Cir. 2005). Parole and prison officials are only "EXECUTIVE" officials and cannot perform judicial function or legislative duties. . See U.S. v. Benz, 282 U.S. 304, 311, 51 S. Ct. 113, 75 L. Ed. 354 (1931).

Under the Parole Commission Phaseout Act, the Parole
Commission was scheduled for dissolution on October 31, 2002,
15 years after November 1, 1987, the effective date of the
Act.  Walden v. U.S. Parole Commission, 114 F. 3d 1136, 1138-
39 (11th Cir. 1997).  Prior to the 2002 expiration period,
Congress passed, and the President of the United States signed
into law, legislation extending the Commission until October
31, 2005.  See Pub. L. No. 107-273, 116 Stat. 1758, 1824. Similar
legislation was recently passed and signed into law further
extending the Commission to October 31, 2008.  See U.S. Parole
Comm'n Extension and Sentencing Commission Authority Act of 2005,
Pub. L. No. 109-76, Section 2..

The President of the United State had "BREACH" his "SWORN
OATH" in office, when he had signed a legislature "BILL" for
Congress, extending the U.S. Parole Commission's authority to act
in capacity of an "ARTICLE III JUDGE."  The President had 'sworn
in before the people of this country,' confessing that "HE WILL
PERSONALLY PRESERVE AND PROTECT THE CONSTITUTION."  But as it now
stands today, George Bush had signed a "BILL" for the U.S. Parole
Commission to deprived all D.C. Code Offenders of their Constitu-
tional Rights, in violation of Title 18 U.S.C. § 241 & 242, contrary
to his oath of office.  Under the Article of the Constitution, the
President, the Vice President and all civil Officers of the United
States are ♪ ♪ ♣ ♣ subject to impeachment for committing a crime.
It is a crime to "KIDNAP" A PERSON WITHOUT A JUDGMENT AND COMMITMENT
ORDER, because the Parole Commission detain a person on a "NOTICE OF
ACTION."

Article III of the Constitution vest responsibility for resolving cases and controveries with the court.  As Justice Kennedy observed - ɪ ʍ ꞷ ʋ ꜰ during his tenure on the Ninth Circuit, this responsibility requires "both the appearance and the reality of control by Article III judges over the interpretation, declaration, and application of federal law to maintain "the essential, constitutional role of the judiciary." <u>Pacemaker Diagnostic Clinic of America, Inc</u>. v. <u>Instromedix, Inc</u>., 725 F. 2d 537, 544 (9th Cir. 1984)(Kennedy, J.).  The judiciary's "essential role" can be eroded just as easily through improvident <u>delegation as through interference by another branch</u>, id.; therefore, <u>separation of power forbids court from delegating their</u> Article III responsibilities.  See <u>U.S.</u> <u>v.</u> <u>Melendez-Santana</u>, 353 F. 3d 93, 101 (1st Cir. 2003).

This is not a case where 'nonjudicial officers' are supporting some judicial functions, but they have taking the ultimate responsibility for the petitioner's Sentencing judge,  <u>whereas he will never be violated by any state or federal judges</u>, <u>even if he</u> <u>was to pick up another "NEW" charge in the future.</u>  Parole officials have no "interpretation of the law, <u>they are un-license judges</u>, have the power to run a prisoner sentence 'consecutive' without any judicial discretion and <u>will 'Lock-Up' a person for refusing</u> <u>to submit a drug test or DNA Test</u>. This violates the Separation of Power doctrine on purpose, <u>because refusing to take a "DNA Test" is</u> <u>not a new criminal offense nor does "PROBABLE CAUSE" ever exist at all</u>. <u>This constitute a plan to "KIDNAP" state code offenders</u>.

B.    Whether Government officials have a legal right and
special needs to deprive a Convicted Felony of a Constitutional
Rights and violate D.C. Code Offenders 8th Amendment Rights ?

Petitioner claim that collection of urine and blood
sample from District of Columbia Code Offenders violates the
Fourth and Fifth Amendments to the United States Constitution.
He also argue that a positive urine test inevitably leads to
the revocation of supervision and return to jail pursuant to
a Parole Commission warrant.  Furthermore, he argues that re-
quiring urine samples as a condition of release "is another form
of DNA study and will "self-incriminate" himself at his own re-
vocation hearing .  With regard to compulsory collection of DNA
samples, petitioner Argues that prisoners are considered <u>suspects</u>
on future charges without any cause to 'believe' that they may
be guilty of crimes against the Government.

The Government cannot gain the benefit of obtaining
"TAINTED-EVIDENCE" from D.C. Code Offenders to solve future
crimes because of a <u>hunch</u> or <u>public concern</u>.  This unlawful
search does violate the Criminal Rule No. 403 (prejudicial
evidence implanted within a future trial).  The Government must
prove their cases under "REASONABLE DOUBT" and not base on some
one's self guilt or self-incriminated evidence.  See <u>Miranda</u> v.
<u>Arizona</u>, 384 U.S. 436 (1966).  Judges have taken a sworn oath to
protect a person's "CIVIL RIGHTS" and not to allow other government
officials to strip  a person of that right. See Title 18 U.S.C. §
241 and 242. <u>Urine samples should be declare unconstitutional.</u>

Subsequently to the publication of the interim rule, Congress enacted Public Law 107-56, the USA Patriot Act. Section 503 of the USA Patriot Act provided that three (3) additional categories of offenses shall be treated for purpose of DNA sample collection as qualifying federal offenses, as determined by the Attorney General: (1) Any offense listed in section 2332 (g)(5)(B) of title 18 United States Code; (2) any crime of violence (as defined in section 16 of title 18, U.S. Code; and (3) any attempt or conspiracy to commit any of the above offenses. See 42 U.S.C. § 14135a (d)(2). The Department of Justice published a proposed rule in the Federal Register on March 11, 2003, to implement this explained sample collection authority. See Federal Register 11481 (March 11, 2003). The statute and rules violated numerous provisions of the Constitution. See also C.F.R. § 28.2. The probation office "may use or authorize the use of such means as are reasonable necessary to detain, restrain, and collect a DNA sample" from any individual who refuses to give a sample. See id. § 14135a (a)(4)(A). An individual who fails to give a DNA sample is guilty of a class A misdemeanor. See id. § 14135a (a)(5). Furthermore, a defendant parole will be revoke by the Parole Commission, if he refuse to submit to taken a DNA Test for his parole officer. This constitute a "THREAT" to the person's liberty interest.

On March 28, 2006, Circuit judges for the District of Columbia Court of Appeals handed down a decision and stated that " the two-stage procedure set forth in <u>Gagnon</u> v. <u>Scarpelli</u>, 411 U.S. 778, 781 (1973), was designed to prevent deprivation of a probationer's liberty without a finding of probable cause that he or she has violated the condition of probation. And Taylor was not detained before his probation was revoked, and so no preliminary (Peters I) hearing was necessary." See <u>Taylor</u> v. <u>United States</u>, No.04-CO-541. See attached exhibits.

This above set precedent case, lead this Court to wonder how the U.S. Marshal Services can execute a "parole-detainer" against any D.C. Code Offenders, because a parolee is <u>automatically</u> transported to the D.C. Jail without a <u>judicial</u> "SHOW CAUSE HEARING" <u>as required by the Criminal Rule No. 32.1</u> and the two-stage proced- ure set forth in <u>Gagnon</u> v. <u>Scarpelli, does not apply to a parole hearing at all, in violation of the due process law</u>. " <u>A parole detainer has been substituted for a Judgment and Commitment Order</u> and <u>Parole violations is not a criminal prosecution at all</u> . <u>Parole offenders are only require to serve a minimum term sentence and can- not "violate parole in jail at all, if he has not been release</u>. Any adverse rulings handed down by this Court, will only 'conflict' with other Circuit Court judges set precedent judgments. See <u>U.S</u>. v. <u>Melendez-Santana</u>, 353 F. 3d 93, 101 (1st Circuit); <u>U.S</u>. v. <u>Pruden</u>, 398 F. 3d 241, 251 (3d Circuit) and <u>U.S</u>. v. <u>Johnson</u>, 48 F. 3d 806. (4th Circuit).

## PURPOSE WHY THE WRIT SHOULD BE GRANTED

In this case at bar, the petitioner had "PROTESTED" that the U.S. Parole Commission have no authority over his sentence or ability to revoke his parole or supervised release term date, because it is an unconstitutional federal "entity" under the Department of Justice, that had "IMPERSONATED" to became an "ARTICLE III JUDGE" and had arbitrarily violated the "SEPARATION OF POWER" doctrine.

The U.S. Parole Commission had been granted with unlawful authority to forfeit "STREET-TIME CREDITS" from all D.C. Code Offenders upon being re-arrested on a parole violation hearing . On the contrary, The Fourth Circuit Judges does disagree with Parole Commission being able to expand a person's supervised release term past the maximum release date. See also judge G. Kessler's judgment order decided on Feb. 4th, 2005, as attached exhibits.    Furthermore, this Court must return those Street Time Credits back to all D.C. Code Offenders and release all D.C. Code Offenders that are being held "WITHOUT BOND" on trial cases that they had already won, because of a lodged parole detainer. See Bedwell v. Harris.    451 F. 2d 122 (10th Cir. 1971);  Posey v. DeWalt, 86 F. Supp. 2d 565 (E.D. Va. 1999).  Parole Commission should not have custodial hold on D.C. Code Offenders, rather they violate parole, catch a new charge or charge for an Incident report.

However, judges may stay mindful that "Supervised release carries with it the possibility of revocation and jail time", so therefore. the petitioner is 'in custody' within the meaning of section 2241, when he had filed his petition in the district court. See <u>U.S</u>. v. <u>Brown</u>, 117 F. 3d 471, 475, (11 Cir. 1997); <u>U.S</u>. v. <u>Essig</u>, 10 F. 3d 968, 970 n3 (3d Cir. 1993)  See also, <u>Carafas</u> v. <u>LaVallee</u>, (a person may pursue appellate review even after he has been released from that custody).

Separation of Power encompass this entire case, as well as a "FRIVOLOUS-DETAINER" that's adversely effecting the petitioner's Supervise Release Term/parole . Parole official or probation offic-ials cannot resolve any cases or controversy issues for the court nor can they re-impose a pending sentence for the Court. See <u>U.S</u>. v. <u>Pruden,</u> 398 F. 3d at 251 ( We agree with this statement of the standard, which properly balances the need for flexibility with the constitutional requirement that judges, not probation officers, set the term of a defendant's sentence.  Other courts are generally in accord with this view.  See <u>United States</u> v. <u>Allen</u>, 312 F. 3d 512, 515-16 (1st Cir, 2002)(adopting Peterson test and finding that a mental health condition was intended to be mandatory, with the ad-ministrative details <u>delegated to the probation officer</u>);  Kent, 209 F. éd at 1078-79.).  What makes the Parole Commission "PHASE OUT ACT" unconstitutional, is that, parole officials cannot make the final resolution on a parolee sentence and their discretion should not exceed beyond a "RECOMMENDATION" to a sentencing judge. See <u>U.S</u>. v. <u>Johnson</u>, 48 F. 3d 806, 807-08 (4th Cir. 1995).

C.   Whether Congress can promulgate criminnal statute for the U.S. Parole Commission to 'waived' the petitioner's statutory rights to a future "SHOW CAUSE HEARING", in violation of the Criminal Rule No. 32.1 ?

The petitioner is force to have been seen by the parole panel and there is no record that the named petitioner has never 'waived his rights to be brought back before his sentencing judge on any future Show Cause Hearing at all.  The Criminal Rule No. 32.1 require him to be brought back before a "MAGISTRATE JUDGE" for any revocation hearing.  D.C. Code 1973 § 24-104, gives the trial court the power to revoke probation and not the U.S. Parole Commission.  Furthermore, D.C. Code § 11-923(b)(1), that judicial power was always in vested in the hands of the Superior Court Judges.  It is unlawful for a state judge to delegate a defendant parole or supervised release term within the hands of the U.S. Parole Commission, to further adjudicate any sentence.  See <u>U.S.</u> v. <u>Johnson</u>, 48 F. 3d. 806 (4th Cir. 1995).  Parole officials does not take a 'Sworn Oath' in official office to uphold the law in "Good Faith" and Article III Clause does not authorize the U.S. Parole Commission <u>to pass judgment on any parole violators</u>.  See Article III Clause, which says:

> "The judicial power of the United States, shall be vested in one supreme court, and in such inferior courts as the Congress may from time to time ordain and establish. The judges, both of the supreme and inferior courts, shall hold their offices during good behavior, and shall, at stated times, receive for their services, a compensation which shall not be diminished during their continuance in office.

The collection of a DNA sample taken from any individual who refuses to give a sample is a threat to his or her human nature and Constitutional Rights invaded by Congress and those who execute the physical acts. Whether the enforcement comes through a court order or not, it is still remains to be unconstitutional under the Fourth Amendment, Fifth Amendment, Eighth Amendment, Nineth Amendment and the Fourteenth Amendment Rights. A condition of parole or supervised release term that has not been order by a judicial court, as an additional punishment, is a violation of the Separation of Power, because a felony charged that already has been prosecuted, cannot be converted into a small misdemeanor. A prisoner cannot become a suspect for a future charge that the government has an "unparticularized suspicion or hunch." U.S. v. Sokolow, 490 U.S. 1, 7, 104 L. Ed. 2d 1, 10 (1989) ( quoting Terry v. Ohio, 392 U.S. at 27, 20 L. Ed. 2d at 9090. The Fourth Amendment to the United States Constitution provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated ..." Requiring a person to give blood sample constitutes a Fourth Amendment search. Skinner v. Railway Labor Executive Ass'n., 498 U.S. 602, 616 (1989) ("[T]his physical intrusion, penetrating beneath the skin, infringes upon an expectation of privacy that society is prepared to recognize as reasonable."). The ensuing chemical analysis of the sample to obtain physiological data" is also a search covered by the Fourth Amendment. Id. The fundamental task of any Fourth Amendment search. U.S. v. Knights, 534 U.S. 112, 118 (2001).

Whether a parolee is compel to submit a positive or negative "URINE-SAMPLE", this self-incriminated DNA Testing, should never had been a parole provision of the law, to have a parolee sentence revoke, because drug testing is another form of the sentencing judge 'delegating' his judicial duty to the U.S. Parole Commission to revoke a state court sentence.

This Court must investigate a Federal Question why a parolee had missed an apointment with his parole officer and his sentence will be revoke by the U.S. Parole Commission, constitute a substitute for "FAILURE TO APPEAL", <u>when the sentencing judge has no jurisdiction over the parolee sentence at all</u> ?

<u>CONCLUSION</u>

This case is ripe for adjudication on the merit and the entire case encompass a claim under the Separation of Power, that not to be "WHITE-WASHED" by this Honorable Court. Furthermore, the petitioner respectfully request that this Honorable Court will expedite this Writ and grant it in good faith.

Respectfully submitted,

*Antonio Leach*

Executed on this __1__, day of AUGUST 07

<u>PROBONO COUNSEL FOR RECORD</u>

ANTONIO M. LEACH
1410 RIDGE PL SE
WASHINGTON, D.C. 20020

C
07-1399
EGS

JS-44
(Rev.1/05 DC)

## I. (a) PLAINTIFFS
ANTONIO M. LEACH

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   D.C.
(EXCEPT IN U.S. PLAINTIFF CASES)
11001

## DEFENDANTS
U.S. PAROLE COMMISSION, ELEANOR HOLMES-NORTON, COURT SERVICE AND OFFENDER SUPERVISION AGENCY FOR D.C

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   MD., D.C.
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

ANTONIO M. LEACH 1410 RIDGE PL SE
WASH. D.C. 20020 (202) 345-5868

Case: 1:07-cv-01399
Assigned To : Sullivan, Emmet G.
Assign. Date : 8/1/2007
Description: Habeas Corpus/2255

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government
Plaintiff

☐ 3 Federal Question
(U.S. Government Not a Party)

☉ U.S. Government
Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties
in item III)

## III CITIZEN...
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT...

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☒1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ☐ A. Antitrust
☐ 410 Antitrust

### ☐ B. Personal Injury/ Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If
  Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

## ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or
  defendant
☐ 871 IRS-Third Party 26
  USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of
  Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational
  Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC
Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt
  Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/
  Exchange
☐ 875 Customer Challenge 12 USC
  3410
☐ 900 Appeal of fee determination
  under equal access to Justice
☐ 950 Constitutionality of State
  Statutes
☐ 890 Other Statutory Actions (if not
  administrative agency review or
  Privacy Act

— ⊙ —

☑ **G. Habeas Corpus/
2255**

☐ 530 Habeas Corpus-General
☑ 510 Motion/Vacate Sentence

☐ **H. Employment
Discrimination**

☐ 442 Civil Rights-Employment
(criteria: race, gender/sex,
national origin,
discrimination, disability
age, religion, retaliation)

*(If pro se, select this deck)*

☐ **I. FOIA/PRIVACY
ACT**

☐ 895 Freedom of Information Act
☐ 890 Other Statutory Actions
(if Privacy Act)

*(If pro se, select this deck)*

☐ **J. Student Loan**

☐ 152 Recovery of Defaulted Student
Loans (excluding veterans)

☐ **K. Labor/ERISA
(non-employment)**

☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting &
Disclosure Act
☐ 740 Labor Railway Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

☐ **L. Other Civil Rights
(non-employment)**

☐ 441 Voting (if not Voting Rights
Act)
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 440 Other Civil Rights
☐ 445 American w/Disabilities-
Employment
☐ 446 Americans w/Disabilities-
Other

☐ **M. Contract**

☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment &
Enforcement of Judgment
☐ 153 Recovery of Overpayment of
Veteran's Benefits
☐ 160 Stockholder's Suits
☐ 190 Other Contracts
☐ 195 Contract Product Liability
☐ 196 Franchise

☐ **N. Three-Judge Court**

☐ 441 Civil Rights-Voting (if Voting
Rights Act)

**V. ORIGIN**

☑ 1 Original
Proceeding

☐ 2 Removed
from State
Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated
or Reopened

☐ 5 Transferred from
another district
(specify)

☐ Multi district
Litigation

☐ 7 Appeal to
District Judge
from Mag.
Judge

28 USC 2241 - Habeas Corpus

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

CRIMINAL PROCEDURE RULE NO. 32.1 (A)(1)+(2) EXTENDING MY SENTENCE

**VII. REQUESTED IN
COMPLAINT**

CHECK IF THIS IS A CLASS
☐    ACTION UNDER F.R.C.P. 23

**DEMAND $**

Check YES only if demanded in complaint
**JURY DEMAND:** ☐ YES    ☑ NO

**VIII. RELATED CASE(S)
IF ANY** N.O.

(See instruction)

☐ YES    ☑ NO    If yes, please complete related case form.

DATE 8-1-07    SIGNATURE OF ATTORNEY OF RECORD    Antonio Diach

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

U.S. DISTRICT COURT
NANCY MAYER WHITTINGTON, CLERK

AUG - 1 2007

RECEIVED