UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
AUG 3 1 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

ANTONIO M. LEACH
    Petitioner,

v.                                     Civil Action No. 07-1399
                                       (Judge Emmet Sullivan)

U.S. PAROLE COMMISSION, et al.,
    Respondent.
_____/

### MOTION TO RECUSE JUDGE EMMET SULLIVAN

    The petitioner, Antonio M. Leach, respectfully moves this Honorable Court, with a Special request, asking the presiding judge above to "RECUSE" himself from this case, For the following below reason:

    (a) that judge Emmet Sullivan had already shown personal bias against the petitioner's Pro Bono Lawyer (Milton Joseph Taylor) in previously Civil Actions litigated in this same courthouse. See Taylor v. U.S. Probation Office, et al., 03-2134, Taylor v. Eleanor Holmes-Norton, et al., 05-1634 and Taylor v. U.S. Marshal, et al., 06-1545. ALSO MR. TAYLOR HAVE A PENDING LAW SUIT AGAINST Judge SULLIVAN IN THIS COURT.

    (b) that all three (3) above Civil Action contain a "SEPARATION OF POWER" claim, that judge Sullivan had purposely declined to properly address on the merit and his intent failure to address the misconduct of federal officials placing D.C. Code Offenders behind bars, without an official Judgment and Commitment Order.

(c)  that the petitioner feels deep within his own mind that judge Sullivan should voluntary recuse himself from proceeding further in this case, because judge Sullivan's will continue to stand behind his <u>adverse</u> prior judgment, that the U.S. Parole Commission can lawfully act in the capacity for an "ARTICLE III JUDGE" to revoke a parolee original sentence, without violating the separation of power doctrine.

(c)  the petitioner contends that the U.S. Parole Commission's authority should not exceed its discretion beyond a "RECOMMENDATION" to the Superior Court judge to hold a "SHOW CAUSE HEARING" , <u>if the parolee had violated his term of "POST SUPERVISION"</u> , pursuant to Title 28 C.F.R. 2.70 © , and pursuant to the Criminal Procedure Rule 32.1 require a magistrate judge to hold a "PROBABLE CAUSE HEARING" and parole officials are not govern by this above criminal rule at all.

Furthermore, the Fourth Circuit Judges had already ruled in the favor of this Petitioner, by confirming that parole officials or non-judicial officers cannot make the Final resolution on a trial judge sentence. See <u>U.S.</u> v. <u>Johnson,</u> 48 F. 3d 806, 807-08 (4th Cir. 1995). Also, the D.C. Circuit judges is in process of reviewing judge Sullivan's adverse denial on Mr. Taylor's separation of power claim. See <u>Taylor</u> v. <u>Eleanor Holmes Norton, Congress-Woman for D.C.,</u> et al., 06-5160. For this cause, judge Sullivan im-Partiality will be question by the public in the near future, for 'BOY COTT' D.C. Code Offenders Writ of Habeas Corpus and Civil Law Suits.

Respectfully submitted,

Dated: August 30th, 2007

*Antonio M. Leach*
ANTONIO M. LEACH

CC: Milton Joseph Taylor