UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTONIO M. LEACH, | ) |
| Petitioner, | ) |
| v. | ) Civil Action No. 07-1399 (EGS) |
| U.S. PAROLE COMMISSION, *et al.*, | ) |
| Respondents. | ) |

MEMORANDUM OPINION

In this *habeas corpus* action, petitioner, presumably a District of Columbia parolee, challenges the United States Parole Commission's ("the Commission") jurisdiction over him. Upon review of a habeas petition, the Court is obligated either to issue the writ or to order respondent to show cause why the writ should not issue "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Because the application presents no basis for issuing the writ, it will be denied and the case dismissed.[1]

Petitioner states that he is "a D.C. Code Offender convicted in the Superior Court for the District of Columbia on a Criminal Offense." Pet. at 2. He claims that "his sentencing judge [] 'delegated' the second portion of his parole term to the U.S. Parole Commission

---

[1] Also pending is petitioner's motion for recusal based on decisions made in the unrelated cases of "petitioner's Pro Bono Lawyer Milton Joseph Taylor." Mot. at 1. Contrary to petitioner's claim, Mr. Taylor is not licensed to practice law in this Court but, like petitioner, is a *pro se* litigant. In any event, "[o]pinions formed by a judge 'do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.'" *Rafferty v. NYNEX Corp.*, 60 F.3d 844, 848 (D.C. Cir. 1995) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). Petitioner has stated no facts to support even an inference that the undersigned judge is personally biased against him. *See* 28 U.S.C. § 455(a). His motion for recusal therefore is denied.

2

unlawfully" because the controlling legislation violates the Constitution's separation of powers doctrine. *Id*.

The Commission has had jurisdiction over parole matters of District of Columbia felons since August 1998.[2] D.C. Code § 24-1231 (now § 24-131); *see Franklin v. District of Columbia*, 163 F.3d 625, 632 (D.C. Cir. 1998). It is empowered to grant, deny, or revoke a District of Columbia offender's parole and to impose or modify his parole conditions. D.C. Code § 24-131(a). As the duly authorized paroling authority, the Commission does not usurp a judicial function when, as here, it acts "pursuant to the parole laws and regulations of the District of Columbia." D.C. Code § 24-131(c).[3] This is so because "parole revocation is not the continuation of a criminal trial but a separate administrative proceeding," *Maddox v. Elzie,* 238 F.3d 437, 445 (D.C. Cir. 2001), pertaining to the execution of an imposed sentence. *See, e.g., United States v. Wilson*, 503 U.S. 329, 335 (1992) ("After a district court sentences a federal offender, the Attorney General, through the [Bureau of Prisons], has the responsibility for administering the sentence," which includes "as an administrative matter" calculating jail-time credit). Accordingly, "[t]he Parole Commission does not exercise a judicial function and its

---

[2] On September 29, 2005, Congress extended the Commission's existence through October 31, 2008. *See* Pub. Law No. 109-76, 119 Stat 2035.

[3] To the extent that petitioner is challenging the Commission's rescission of credit he may have earned while on parole, *see* Pet. at 4-6, 12, he states no basis for relief because District of Columbia law requires such a result upon the revocation of one's parole. D.C. Code § 24-406 (formerly § 24-206);*United States Parole Commission v. Noble*, 693 A.2d 1084, 1094-1104 (D.C. 1997), *reinstated* 711 A.2d 85 (D.C. 1998) (en banc) (interpreting D.C. Code § 24-206(a) on certification of question from the District of Columbia Circuit). *See McKee v. U.S. Parole Com'n*, 214 Fed.Appx. 1, 2 (D.C. Cir. 2006) ("*Noble* provided an authoritative statement of the meaning of D.C. Code § 24-206(a) (1981) that was consistent with the statutory language. . . .").

3

decisions do not violate the separation of powers." *Montgomery v. U.S. Parole Com'n,* 2007 WL 1232190, *2 (D.D.C. Apr. 26, 2007) (Kollar-Kotelly, J.) (citing cases).

Petitioner also challenges the requirement that parolees submit urine and blood samples as a condition of parole, *see* 42 U.S.C. § 14135c, without stating whether he has been so required. *See* Pet. at 9-10, 15-16. Assuming that petitioner has standing to raise this issue, he presents no basis for habeas relief insofar as the collection of such samples pursuant to the DNA Analysis Backlog Elimination Act of 2000, 42 U.S.C. § 14135 *et seq.*, has been upheld as not violative of the Fourth and Fifth Amendments.[4] *See Johnson v. Quander,* 440 F.3d 489 (D.C. Cir. 2006); *Taylor v. Norton,* 2006 WL 1071517, *3 (D.D.C. Apr. 21, 2006) (Sullivan, J.) (discussing cases); *Banks v. U.S.,* 490 F.3d 1178 (10th Cir. 2007). And petitioner provides no cogent argument in support of his claim that the collection violates the Eighth and Ninth Amendments. *See* Pet. at 15. To the extent that plaintiff is challenging the collection of urine samples to monitor drug use, the Commission via CSOSA is acting well within its authority. *See Taylor,* 2006 WL 1071517, *4; D.C. Code § 24-133(c) (listing CSOSA's functions).

---

[4] The Act states in relevant part:

> The Director of the Court Services and Offender Supervision Agency for the District of Columbia ["CSOSA"] shall collect a DNA sample from each individual under the supervision of the Agency who is on supervised release, parole, or probation who is, or has been, convicted of a qualifying District of Columbia offense (as determined under subsection (d) of this section).

42 U.S.C. § 14135b(a)(2). In addition, it authorizes the Bureau of Prisons or CSOSA to "use or authorize the use of such means as are reasonably necessary to detain, restrain, and collect a DNA sample from an individual who refuses to cooperate in the collection of the sample," § 14135b (a)(4)(A), and imposes a criminal penalty for offenders who fail to cooperate with the collection procedures. § 14135b(a)(5).

4

For the foregoing reasons, the petition for a writ of *habeas corpus* is denied. A separate Order accompanies this Memorandum Opinion.

                                                  SIGNED:     EMMET G. SULLIVAN
                                                  UNITED STATES DISTRICT JUDGE

DATE: November 29, 2007